UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 08-346(2)(DSD/JJG)

United States of America,

       Plaintiff,

v.                                             **ORDER**

Anthony Tyrone Howell,

       Defendant.

This matter is before the court upon the pro se motion by defendant Anthony Tyrone Howell to modify the term of his imprisonment pursuant to 18 U.S.C. § 3582(a).

On January 16, 2009, Howell pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). ECF No. 35. At the July 9, 2009, sentencing hearing, the government argued that Howell should be sentenced under the robbery guideline set forth in United States Sentencing Guidelines § 2B3.1. Howell did not contest the facts contained in the presentence investigation report, but objected to their application to the robbery cross-reference. ECF No. 95, at 2. The court overruled the objection and sentenced Howell to a term of imprisonment of 90 months. ECF No. 62. The Eighth Circuit affirmed the sentence. United States v. Howell, 606 F.3d 960 (8th Cir. 2010).

Howell moves pursuant to 18 U.S.C. § 3582(a) to correct his sentence. Because § 3582(a) does not authorize resentencing, the

court construes this as a claim under § 3582(c). See United States v. Hilliard, No. 4:96CR354-DJS, 2008 WL 3994831, at *1 (E.D. Mo. Aug. 26, 2008). Section 3582(c) only provides for modification of sentences (1) upon motion by the Bureau of Prisons, (2) pursuant to Federal Rule of Criminal Procedure 35 or (3) when the Sentencing Commission subsequently lowers a sentencing range. Howell seeks retroactive application of the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). However, "[t]he [c]ourt's authority to change or reduce a sentence previously imposed is strictly limited under Rule 35 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3582(c). Because those provisions do not allow a reduction of sentence for the reasons cited by defendant here, the [c]ourt lacks the authority to alter defendant's sentence." Hilliard, 2008 WL 3994841, at *1.

Because Howell seeks to collaterally attack his sentence, the proper form of relief is a motion under 28 U.S.C. § 2255. See Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004). The court will not construe the present motion as a § 2255 motion, however, without giving notice to defendant, because doing so means that any additional claims would be subject to the limitation on second or successive motions for relief. See 28 U.S.C. § 2255(h). The court further notes that § 2255 motions must be brought within one year of the date on which the conviction became final or the date on which the right asserted was recognized by the Supreme Court,

2

provided that right is retroactively applicable. 28 U.S.C. § 2255(f). Therefore, the court gives notice of its intent to construe the instant motion as a § 2255 motion, in order to allow defendant to withdraw or amend the motion. See Morales v. United States, 304 F.3d 764, 766 n.1 (8th Cir. 2002).

Accordingly, **IT IS HEREBY ORDERED** that defendant may withdraw or file an amended motion on or before November 15, 2013. If defendant does not withdraw or amend, the court will consider the present motion under 28 U.S.C. § 2255.

Dated: October 15, 2013

s/David S. Doty  
David S. Doty, Judge  
United States District Court