UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                   Criminal No. 08-346(2)(DSD/JJG)

United States of America,

        Plaintiff,

v.                                                           **ORDER**

Anthony Tyrone Howell,

        Defendant.


   Kevin S. Ueland, Assistant U.S. Attorney, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, counsel for plaintiff.

   Anthony Tyrone Howell, #08802-041, USP-Coleman, P.O. Box 1034, Coleman, FL 33521, pro se.


   This matter is before the court upon the pro se motions by defendant Anthony Tyrone Howell to (1) modify the term of his imprisonment pursuant to 18 U.S.C. § 3582(c) and (2) to correct his sentence pursuant to Rule 35(a).  Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motions.


                            **BACKGROUND**

   The background of this matter is fully set out in previous orders and the court recites only those facts necessary to the disposition of the instant motion.  On January 16, 2009, Howell pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  ECF No. 35.  At the July 9,

2009, sentencing hearing, the government argued that Howell should be sentenced under the robbery guideline of United States Sentencing Guidelines § 2B3.1. Howell did not contest the facts contained in the presentence investigation report, but objected to the application of the robbery guideline. See ECF No. 56, at 1-3. The court overruled the objection and sentenced Howell to a term of imprisonment of 90 months. ECF No. 62. The Eighth Circuit affirmed the sentence. United States v. Howell, 606 F.3d 960 (8th Cir. 2010).

On August 12, 2013, Howell filed a motion to correct his sentence pursuant to 18 U.S.C. § 3582(a), which the court construed as a claim under § 3582(c). Because the motion sought to collaterally attack the sentence, the court notified Howell of its intention to convert the motion to one under § 2255 unless he amended or withdrew the motion before November 15, 2013. ECF No. 96. On November 12, 2013, Howell objected to the court construing his motion under § 2255 and moved for reconsideration of his sentence pursuant to a previous version of Rule 35(a).

## DISCUSSION

On October 15, 2013, the court notified Howell of its intention to construe his August 12, 2013, motion under § 2255 unless he amended or withdrew it. Howell objected to the construing of that motion under § 2255. As a result, the court

2

declines to construe the motion of August 12, 2013, under § 2255 and dismisses the motion under § 3582(c) for the reasons set forth in its October 15, 2013, order.  See ECF No. 96.

Howell next moves for reconsideration of his sentence pursuant to a former version of Rule 35(a), which permitted a sentencing court to "correct an illegal sentence at any time." United States v. McQuiston, 307 F.3d 687, 689 (8th Cir. 2002) (citation and internal quotation marks omitted).  In the Sentencing Reform Act of 1984, however, Congress rewrote Rule 35(a) and eliminated this avenue of relief. Sun Bear v. United States, 644 F.3d 700, 705 n.9 (8th Cir. 2011).  As a result, the previous version of Rule 35(a) is applicable only to offenses committed before November 1, 1987. United States v. Peltier, 446 F.3d 911, 913 (8th Cir. 2006). Howell, however, was convicted of offenses occurring in October 2008.  Thus, the motion may not be considered under the former version of Rule 35(a).  The current version of Rule 35(a) provides that a court may correct a sentence resulting from arithmetical, technical or other clear error within fourteen days after sentencing.  Because Howell did not file his motion under Rule 35(a) within fourteen days of his sentencing on July 13, 2009, it is untimely.  See United States v. Loveless, No. 4:95CR3054, 2010 WL 2719110, at *1 (D. Neb. July 7, 2010).

An untimely Rule 35 motion is properly construed as one under 28 U.S.C. § 2255.  See, e.g., Jones v. United States, 400 F.2d 892,

3

894 (8th Cir. 1968).  Notice must be provided to a first-time petitioner, however, before the court construes such a motion under § 2255.  <u>Morales v. United States</u>, 304 F.3d 764, 766 n.1 (8th Cir. 2002).  As already explained, Howell has objected to the conversion of his motion to one under § 2255.  Thus, the court declines to construe the instant motion under § 2255 and dismisses the motion under Rule 35(a).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.   The motion to correct erroneous sentence [ECF No. 92] is denied; and

2.   The motion for reconsideration [ECF No. 97] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 3, 2014

<u>s/David S. Doty</u><br>
David S. Doty, Judge<br>
United States District Court