UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
                   Civil No. 08-346(2)(DSD)

United States of America,

         Plaintiff,

v.                                                    **ORDER**

Anthony Tyrone Howell,

         Defendant.


    This matter is before the court upon the pro se motion by defendant Anthony Tyrone Howell to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.


                          **BACKGROUND**

    The background of this matter is fully set out in previous orders and the court recites only those facts necessary to the disposition of the instant motion. On January 16, 2009, Howell pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 35. At the July 9, 2009, sentencing hearing, the government argued that Howell should be sentenced under the robbery guideline of United States Sentencing Guidelines § 2B3.1. Howell did not contest the facts contained in the presentence investigation report, but objected to

the application of the robbery guideline. See ECF No. 56, at 1-3. The court overruled the objection and sentenced Howell to a term of imprisonment of 90 months. ECF No. 62. The Eighth Circuit affirmed. United States v. Howell, 606 F.3d 960 (8th Cir. 2010).

On August 12, 2013, Howell filed a motion to correct his sentence pursuant to 18 U.S.C. § 3582(a), which the court construed as a claim under § 3582©. Because the motion sought to collaterally attack the sentence, the court notified Howell of its intention to convert the motion to one under § 2255 unless he amended or withdrew the motion before November 15, 2013. ECF No. 96. On November 12, 2013, Howell objected to the court construing his motion under § 2255 and moved for reconsideration of his sentence pursuant to a previous version of Rule 35(a). The court dismissed the motion as untimely under Rule 35(a).

Howell now moves under § 2255, arguing that he is entitled to a sentence reduction under Johnson v. United States, 135 S. Ct. 2551 (2015). The government opposes the motion.

**DISCUSSION**

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised

2

on direct appeal. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). When considering a § 2255 motion, a court may hold an evidentiary hearing. See 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted). Here, no hearing is required.

**II. Johnson**

Howell argues that his sentence should be reduced given the recent Supreme Court decision in Johnson. Howell is incorrect. He was not sentenced pursuant to the Armed Career Criminal Act, which is the statute at issue in Johnson. As a result, Howell's reliance on Johnson is misplaced and his motion must be denied.

**III. Certificate of Appealability**

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). The court is firmly convinced that Howell's claim

is barred by the concurrent sentence doctrine, and that reasonable jurists could not differ on the result.  As a result, a certificate of appealability is not warranted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.  The motion to vacate, set aside, or correct sentence [ECF No. 107] is denied; and

2.  Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 3, 2016

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court